In the Matter of ARTHUR C. FORD et al., Constituting the Board of Water Supply of the City of New York, Relative to Acquiring Real Estate in the County of Delaware. BOARD OF WATER SUPPLY OF THE CITY OF NEW YORK, Appellant; HENRY A. ARENS, Respondent.

Third Department, November 21, 1966.

J. Lee Rankin, Corporation Counsel (Paul L. Owens, Seymour B. Quel and Theodore R. Lee of counsel), for appellant.

Joseph C. Shapiro and Herman E. Gottfried for respondent.

GIBSON, P. J. Appeal is taken by the Board of Water Supply from an order of the Supreme Court, entered in Delaware County, which confirmed a report of Commissioners of Appraisal awarding $6,000 for indirect damages to real estate not taken but decreased in value by reason of the execution of plans and the acquisition of lands by the City of New York for the Pepacton reservoir. (Administrative Code of City of New York, § K51–44.0.)

Appellant board does not contest the amount of the award but contends that respondent is not possessed of a claim, because, in the words of its motion, made before the commission and denied, his " property was purchased after the City began its operation and after a number of sections had been taken by the City of New York."

Section K51–44.0 (formerly K41–44.0) so far as here pertinent provides that " The owner of any real estate, not taken ", situate in one or more of four named counties, " or of any established business, directly or indirectly decreased in value by reason of the execution of any plans for or by the acquisition of land by the city for a water supply from the Rondout and Delaware watersheds * * * shall have a right to damages for such decrease in value, from the time of the beginning of such decrease in value ". Notably, the statute fails to fix a specific date when claims thereunder shall arise or be cut off. Appellant asserts, without contradiction, that in the statutes governing certain other reservoir constructions* the specific cut-off date with respect to indirect real estate and business damage claims was, in each instance, prior to that of the first acquisition of property for the particular project; and contends that the statute relating to the Delaware project (L. 1928, ch. 525, § 7) fixed no cut-off date because that act contemplated multiple reservoirs, including Pepacton, whose successive construction dates could not be determined in advance.

The appellant board contends, further, that there must be implied from the statute a cut-off date which shall be no later than the date of the " execution of any plans " or the " acquisi-

---

* Ashokan (L. 1906, ch. 314, § 9); Schoharie (L. 1916, ch. 527, § 2); Cannonsville (L. 1956, ch. 424).

tion of land" (§ K51–44.0) for purposes of the particular project. The respondent landowner, inferentially conceding that some cut-off date must be implied, asserts that such must be determined in each case as "a factual issue, governed by whether or not the claimant, at the time he acquired title to the affected property, had knowledge of" the activities "promoting the ultimate construction of the Pepacton Dam and Reservoir * * * and their adverse effect." It seems unlikely that the Legislature intended to establish the legal vesting or inception of real estate damage claims on so uncertain an *ad hoc* basis, varying from case to case and engendering confusion not only as between the rights of different owners of different parcels but as between successive owners of the same parcels.

Each of the other acts referred to confers upon the **owner,** *on the particular date specified,* of the unappropriated realty or of the established business decreased in value by the acquisition of reservoir lands or the execution of reservoir plans, " a right to damages for such decrease in value" and ends there; while the statute before us omits the specification of a date and, apparently in lieu thereof and as has been shown, sets forth, at the end, an additional clause (hereinafter quoted) so that in this case the owner has a right to damages for such decrease, just as in the other acts, but here he is given that right "from the time of the beginning of such decrease in value". As even prospective damages are reflected in a present price or market value, and it cannot be assumed that not only the owner but all prospective purchasers would remain in ignorance of the project and that the market value would on that account remain unaffected, that "time", absent any indication to the contrary, would seem to be the date of the acquisition of lands or execution of plans.

In *Matter of Huie* (*White*) (13 A D 2d 596, affd. 14 N Y 2d 692), although the decision of this court referred, perhaps unnecessarily, to the claimants' knowledge of the city's plans, an equally solid basis of our denial of any award was that the business damage claim related to a business commenced in the hamlet of Arena some five years *after* the city's fee takings. Thus, the critical date for the vesting of claims for real estate not taken and for business damage claims in those geographical areas in respect of which the statute was silent as to date has been treated as the taking date. Here the issue is squarely presented and the other considerations voiced in our opinion in *White* do not exist and we affirm the principle that in each case in which the statute specifies no other date, there must be implied, if any implication be necessary, a cut-off date which

will be that " of the execution of any plans or * * * the acquisition of land " for the particular project.

The contentions advanced by respondent in support of the award seem to us insubstantial and not such as to require discussion.

The order should be reversed, on the law and the facts, and the claim dismissed, without costs.

Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

Order reversed, on the law and the facts, and claim dismissed, without costs.